**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL EDWARD DURAN, | No. 23-15275 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00181-ADA-HBK |
| v. | |
| D. GOREE, Jr., Appeals Coordinator at Corcoran State Prison, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted January 17, 2024[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

California state prisoner Paul Edward Duran appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging retaliation and due process violations arising from prison disciplinary proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Duran's action because Duran failed to allege facts sufficient to show that Goree was involved in issuing any disciplinary violations, retaliated against Duran, or denied Duran disciplinary procedures he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth minimum requirements of due process in disciplinary hearings); *King v. County of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018) (explaining that a plaintiff bringing a § 1983 action must show that a defendant was personally involved in or caused a constitutional injury); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

We do not consider arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-15275